■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED WICKHAM, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (McInerney, J.), imposed September 9, 1983, upon his conviction of grand larceny in the second degree and criminal possession of stolen property in the first degree, upon his plea of guilty, the sentence being concurrent definite terms of one year's imprisonment. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to two concurrent intermittent terms of imprisonment of one year, to be served on consecutive weekends from 8:00 P.M. Friday until 8:00 P.M. Sunday. As so modified, sentence affirmed, and matter remitted to the Supreme Court, Suffolk County, to specify the first and last dates upon which defendant is to be incarcerated under such sentence in accordance with section 85.00 (subd 4, par [a], cl [iv]) of the Penal Law and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated (cf. *People v Suitte*, 90 AD2d 80). Mollen, P. J., Titone, Gibbons and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILFREDO FELICIANO, Appellant, v WILSON WATERS, Respondent. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), entered March 29, 1983, which dismissed the petition. The appeal brings up for review so much of an order of the same court, entered June 6, 1983, as, upon reargument, adhered to the original determination to dismiss the petition. Appeal from the judgment dismissed, without costs or disbursements. Said judgment was superseded by the order entered upon reargument. Order affirmed, insofar as reviewed, without costs or disbursements. Petitioner, indicted for the crime of murder in the second degree, pleaded guilty to the crime of manslaughter in the first degree. A sentence of 3 to 9 years was imposed. In June, 1982, petitioner, who was eligible for release on parole within one year, obtained a job pursuant to a work release program (see Correction Law, § 851, subd 2). On September 30, 1982, petitioner had his hearing before the Parole Board. The board was advised, *inter alia*, of petitioner's satisfactory performance in the work release program. Inquiry was also made into the facts underlying defendant's conviction. The board decided to deny petitioner parole because, in light of all the factors to be considered, including petitioner's work release status, "overriding consideration must weigh in favor of public safety" (see, generally, Executive Law, § 259-i, subd 2, par [c]). A new hearing date was set before the Parole Board for October, 1984, 24 months later. As a consequence of the board's decision petitioner was removed from the work release program because he was no longer eligible for release on parole within one year. The decision to deny petitioner parole because of the nature and seriousness of the offense for which he was convicted was based on sufficient reason and may not be disturbed by this court (see *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69; *Matter of Bacon v Hammock*, 96 AD2d 557). Furthermore, petitioner's loss of his eligibility to participate in the work release program was not a violation of any cognizable legal right. Participation in a temporary release program is a privilege (Correction Law, § 855, subd 9) geared towards facilitating an inmate's transition back into society. It is within the Legislature's domain to determine that an inmate who is more than one year away from the possibility of parole shall not be afforded the privilege of the transitional work release program, and this rational judgment should not be disturbed. To the extent that *People ex rel. Silberstein v Hammock* (113 Misc 2d 1030) is in conflict with the foregoing, it is disapproved. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.