■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES DiCostanzo, Appellant, v CHARLES P. HERNANDEZ, as Superintendent, Respondent.—In a habeas corpus proceeding which was converted to a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole, which, after a parole release hearing, denied the petitioner release on parole, the appeal is from a judgment of the Supreme Court, Westchester County (Daranco, J.), entered April 3, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner failed to demonstrate that the New York State Board of Parole disregarded the statutory requirements. The Board held a hearing and considered the petitioner's institutional record and education achievements, as well as the letters and recommendations it had received in connection with the petitioner's application for release. In deciding whether an inmate should be released, consideration is not limited to good behavior in prison, but consideration must also be given to "whether there is a reasonable probability that the inmate will remain at liberty without violating the law if released, that the release will not endanger society and that the release will not so deprecate the severity of the crime [so] as to undermine respect for the law" *(Tarter v State of New York,* 68 NY2d 511, 517). The release of an inmate is a discretionary decision of the Board *(see, Tarter v State of New York, supra).* Because the Board acted in accordance with statutory requirements, its discretionary release decision is not subject to judicial review *(see, People ex rel. Thomas v Superintendent,* 124 AD2d 848). Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.