■ In the Matter of WILLIAM McKEE, SR., Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—Weiss, J. P.

Appeal from a judgment of the Supreme Court (Hanofee, J.), entered September 27, 1988 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole.

Petitioner, serving concurrent indeterminate terms of imprisonment of 4 to 12 years, was denied parole. Respondent determined that petitioner "would not remain at liberty without violating the law" and that his release would be "incompatible with the welfare of society". Petitioner challenged the determination as being arbitrary and capricious. Supreme Court found that petitioner failed to demonstrate that the decision was irrational or affected by an error of fact or law. On this appeal, petitioner contends that undue emphasis was placed on his prior criminal record and behavior, the offense resulting in the current conviction and his institutional record.

Parole release decisions are discretionary. If made pursuant to statutory requirements, such actions are not reviewable (Executive Law § 259-i [5]; *Matter of Davis v New York State Div. of Parole,* 114 AD2d 412). Respondent is not required to place a specific weight on any given factor. Absent a convincing demonstration that respondent failed to consider the applicable standards, it must be presumed that respondent properly fulfilled its duty *(see, People ex rel. Herbert v New York State Bd. of Parole,* 97 AD2d 128, 133). There has been no showing of irrationality *(see, Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77), nor any other basis for judicial intervention.

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.