■ In the Matter of BRIAN CONFOY, Petitioner, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents.—Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which denied petitioner release on parole.

Petitioner struck and killed a teenage pedestrian while driving under the influence of alcohol. He was convicted for criminally negligent homicide and leaving the scene of an accident without reporting. Presently, he is incarcerated at Downstate Correctional Facility in Dutchess County, serving two consecutive indeterminate terms of imprisonment of 1⅓ to 4 years. Upon his application for parole, respondents determined that petitioner would "not remain at liberty without further violation of the law" and that his "release * * * would be incompatible with the welfare of society". Respondents denied petitioner parole and scheduled his reconsideration for 24 months. In this CPLR article 78 proceeding, petitioner challenges the determination as being irrational, arbitrary

and capricious, and not supported by substantial evidence. Supreme Court transferred the matter to this court pursuant to CPLR 7804 (g).

The central issue is whether respondents' determination was made in accordance with Correction Law § 805. We determine that it was. As noted, respondents determined that petitioner would not remain at liberty without violating the law and that his release would be incompatible with the welfare of society. In support of those conclusions, respondents cited the interview with petitioner, the seriousness of his offense, the multiple counts being served, his prior history of irresponsible driving and the District Attorney's opposition to early release (Correction Law § 805; 9 NYCRR 8002.1; *see,* Executive Law § 259-i [2] [a]). Respondents' determination is supported by the record and was made in accordance with the law, thereby foreclosing judicial intervention *(see, Matter of McKee v New York State Bd. of Parole,* 157 AD2d 944, 945; *Matter of Davis v New York State Div. of Parole,* 114 AD2d 412).

Petitioner also contends that respondents' scheduling of his reconsideration hearing 24 months later, i.e., March 1992, was improper because it prevents him from continued participation in the temporary release program. We disagree. Petitioner's participation in that program is a privilege, not a right. Respondents were acting within their discretion when determining petitioner's new hearing date and this court will not disturb that determination *(see,* 9 NYCRR 8002.3 [d]; *People ex rel. Feliciano v Waters,* 99 AD2d 850; *Matter of Ryder v New York State Bd. of Parole,* 87 AD2d 891).

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.