■ In the Matter of WILLIE WALKER, Appellant, v RAUL RUSSI, as Chairman of the New York State Board of Parole, Respondent.—Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered June 13, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Board of Parole denying petitioner's request for parole.

Contrary to petitioner's contention, the denial of his request for parole was not in violation of Correction Law § 805 nor

was it arbitrary or capricious. Correction Law § 805 states that an inmate with a certificate of earned eligibility shall be granted release "unless the board of parole determines that there is a reasonable probability that, if such inmate is released, he will not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society". In this case, the Board of Parole determined that both such factors existed and denied petitioner parole. The language of the statute retained the Board's discretion to determine whether release was appropriate (see, 9 NYCRR 8002.3 [c]; see generally, Board of Pardons v Allen, 482 US 369). The Board's decision was also not arbitrary. To support its conclusion, it cited petitioner's criminal history as well as his prior violation of parole. These statements were sufficient to inform petitioner of the reasons and factors for the denial (see, 9 NYCRR 8002.3 [d]; Matter of Harden v New York State Bd. of Parole, 103 AD2d 777). The determination was supported by the record and was made in accordance with the law, thereby foreclosing judicial intervention (see, Matter of Confoy v New York State Div. of Parole, 173 AD2d 1014). Petitioner's remaining contentions have been considered and rejected as lacking in merit.

Weiss, J. P., Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, without costs.