OPINION OF THE COURT
James H. Shaw, Jr., J.
In this proceeding under CPLR article 78 in the nature of *626 mandamus, petitioner seeks to compel respondent to permit him "to choose a date to be released and to be actually released for petitioner’s already approved furlough”.
On April 20, 1991, petitioner applied for temporary release. On May 28, 1991, the Temporary Release Committee at Mid-Orange Correctional and the superintendent approved the application. On June 11, 1991, the Parole Board denied petitioner’s request for parole, and declared petitioner ineligible for parole for an additional 24 months.
As a result of this action, and in conjunction with the then existing law, petitioner became an "ineligible” person under Correction Law § 851, despite his approval by the Committee and the superintendent. Petitioner was not released because of this legal bar (discussed later in the decision).
Effective July 19, 1991 Correction Law § 851 (2) was amended (the amendment will be discussed later on in this decision).
On July 19, 1991 petitioner applied for "furlough” (a form of conditional release). On August 12, 1991 petitioner was informed that his application was approved. Respondents concede that both the Work Release Committee and the superintendent have approved petitioner’s application.
Respondents appear to contend that petitioner is not an "eligible inmate” under Correction Law § 851 (2). Respondents also state: "ninth: The July 19, 1991 amendment of Section 851 (2), see Petition 9, did not render petitioner immediately eligible for Temporary Release participation since the amendment covers only inmates denied release on parole who are 'participating in a temporary release program. Petitioner was not at any time participating in the program’ ”. No other reason is given for respondents’ refusal to release petitioner.
Prior to July 19, 1991 the relevant portions of Correction Law § 851 (2) read as follows: " 'Eligible inmate’ means a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years. In the case of a person serving an indeterminate sentence of imprisonment imposed pursuant to the penal law in effect after September one, nineteen hundred sixty-seven, for the purposes of this article parole eligibility shall be upon the expiration of the minimum period of imprisonment fixed by the court or where the court has not fixed any period, after service of the minimum period fixed by the state board of parole. If an inmate is denied *627 release on parole, such inmate shall not be deemed an eligible inmate until he is within one year of his or her next scheduled appearance before the state parole board.” (Emphasis supplied.)
Under this statute an inmate who had never been denied parole would be eligible for work release two years before he became eligible for parole. In contrast, an inmate who had been denied parole would only be eligible one year before "his or her next scheduled appearance before the state parole board” (Correction Law § 851 [former (2)]; Matter of Confoy v New York State Div. of Parole, 173 AD2d 1014, 1015).
Effective July 19, 1991 Correction Law § 851 (2) was amended. That statute now reads as is relevant: " 'Eligible inmate’ means a person confined in an institution who is eligible for release on parole or who will become eligible for release on parole or conditional release within two years. In the case of a person serving an indeterminate sentence of imprisonment imposed pursuant to the penal law in effect after September one, nineteen hundred sixty-seven, for the purposes of this article parole eligibility shall be upon the expiration of the minimum period of imprisonment fixed by the court or where the court has not fixed any period, after service of the minimum period fixed by the state board of parole. If an inmate is denied release on parole, such inmate shall not be deemed an eligible inmate until he is within two years of his or her next scheduled appearance before the state parole board. In any case where an inmate is denied release on parole while participating in a temporary release program, the department shall review the status of the inmate to determine if continued placement in the program is appropriate.” (Emphasis supplied.)
The amendment effective July 19, 1991 made two changes. First, it made inmates who were denied parole eligible for conditional release two years before "his or her next scheduled appearance before the state parole board”. Second, in the case of inmates who are on a "temporary release program” when informed of the denial of parole, the Department must review his status rather than automatic ineligibility.
The two changes are separate and distinct from each other. This can clearly be seen from respondents’ documents submitted in the answer. The letter of Ann Horowitz dated July 11, 1991 states: "This bill eliminates the anomaly which exists under current law in that an inmate is eligible for participa *628 tian in temporary release if he or she is within two years of parole eligibility, but must be within one year of eligibility if he or she has been denied parole. This bill also ensures that, in the event that a temporary release inmate is denied parole, the Department of Correctional Services will review the case to determine whether continued participation in the program is appropriate. Thus, the bill provides for fairness and consistency, and at the same time puts an appropriate community protection procedure in place.” (Bill Jacket, L 1991, ch 447 [italics supplied].)
The letter is clear that Ann Horowitz on the part of the Division of Parole considered the two changes as separate and distinct. The change of eligibility for inmates who were denied parole was from one year before the next scheduled appearance to two years before the next scheduled appearance and was made to rectify an "anomaly”. The second change was because of the inherent unfairness to inmates already on work release.
The budget report dated July 10, 1991 by R. Pinko, the letter of General Counsel Arthur dated July 12, 1991, memorandum in support undated, sponsors Assemblyperson Cynthia Jenkins and Senator Joseph Galiber and undated memorandum, all indicate that the two changes have two separate and distinct purposes and functions.
A plain reading of the statute also indicates that the two changes are not interrelated. The sentence about the two-year eligibility is separated from the sentence regarding inmates already in a "temporary release program” by a period. Also the use of the phrase "In any case” as it relates to inmates in "temporary release program[s]” also indicates that it is a separate thought or idea unrelated to the inmate who has been denied parole. (Correction Law § 851 [2]; italics supplied.)
Further, respondents’ reading of the statute would render any inmate who was denied parole ineligible for work release forever, since there is no other section covering them.
The undisputed facts are that on June 11, 1991 the Parole Board denied petitioner parole and set 24 months as the next appearance date. Thus, petitioner’s next appearance is after June 24, 1993.
When petitioner reapplied for furlough he was within "two years of his * * * next scheduled appearance before the state parole board” (Correction Law § 851 [2]). When he was approved by the Temporary Release Committee and the superintendent, the administrative procedures were complied with.
*629 It is unclear whether petitioner needs additional approvals for release. There are situations, as recognized by petitioner, where additional approvals are required.
The court therefore orders, that if there are no additional approvals necessary, respondents take all necessary steps to insure petitioner’s release in accordance with their rules and regulations.
If additional administrative consents are necessary, the respondents shall process petitioner’s application with all due speed. The application shall be processed as petitioner is an "eligible inmate”.