■ In the Matter of SERGIO SALCEDO, Appellant, v BERT ROSS, Respondent.—In a habeas corpus proceeding which was converted to a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole, dated June 14, 1990, which denied the petitioner release on parole, the appeal is from an order and judgment (one paper) of the Supreme Court, Richmond County (Felig, J.), entered October 10, 1990, which dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

Contrary to the petitioner's contention, the Parole Board's refusal to release him on parole was not in violation of Correction Law § 805, nor was it arbitrary or capricious. The petitioner had been issued a certificate of earned eligibility pursuant to Correction Law § 805. That provision states that an inmate who meets certain conditions and who has been issued a certificate of earned eligibility shall be released on parole "unless the board of parole determines that there is a reasonable probability that, if such inmate is released, he will not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society". Here, the Parole Board determined that both those factors were present. In its written decision, the Parole Board stated that it was relying on the seriousness of the crime of which the petitioner was convicted as well as the petitioner's lack of insight into the danger to which he exposed other persons. Also, the Parole Board relied on the petitioner's lack of remorse. We find that the Parole Board's decision was made in accordance with the law. Thus, the Parole Board's determination may not be disturbed *(see,* 9 NYCRR 8002.3 [d]; *Matter of Walker v Russi* 176 AD2d 1185; *People ex rel. DiCostanzo v Hernandez,* 137 AD2d 861). Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.