■ In the Matter of ROBERT SINOPOLI, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—Appeal from a judgment of the Supreme Court (Conway, J.), entered May 1, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole.

Petitioner, serving a prison sentence of 6 to 12 years for conviction of the crime of manslaughter in the first degree, was denied parole. Respondent's denial was based upon its finding that there was a reasonable probability that petitioner would not live and remain at liberty without violating the law and that release would be incompatible with the welfare and safety of the community. In making its determination, respondent noted that petitioner was incarcerated for killing his roommate while an absconder from parole in California. Petitioner contends on this appeal that respondent erred in considering that he had absconded from parole in California, in placing inordinate emphasis upon the seriousness of the offense for which petitioner was incarcerated and in directing that petitioner be held beyond the guidelines established by respondent for minimum periods of imprisonment.

Initially, given petitioner's admission that he left California in violation of his parole, we find no error in respondent's consideration of that fact in making its determination (see, Matter of Maciag v Hammock, 88 AD2d 1106). Further, parole release decisions are discretionary and, if made pursuant to statutory requirements, not reviewable (Matter of McKee v New York State Bd. of Parole, 157 AD2d 944). Respondent was free to place whatever weight it believed appropriate upon the factors it is required to consider, which include petitioner's ability to remain at liberty without violating the law and the danger to society, as well as his institutional record (see, Executive Law § 259-i; Matter of McKee v New York State Bd. of Parole, supra; People ex rel. DiCostanzo v Hernandez, 137 AD2d 861, lv denied 72 NY2d 802). Here, respondent's decision to deny parole based upon the seriousness of petitioner's crime and his past violation of parole is supported by the record and satisfied the requirements of Executive Law § 259-i (see, Matter of Davis v New York State Div. of Parole, 114 AD2d 412; People ex rel. Yates v Walters, 111 AD2d 839, lv denied 67 NY2d 602). Finally, the guidelines for minimum periods of imprisonment are discretionary and respondent

adequately set forth its reasons for exceeding the guidelines in this case *(see, Matter of Ganci v Hammock,* 99 AD2d 546).

Weiss, P. J., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.