■ In the Matter of JULIUS F. KLEIN, JR., Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [609 NYS2d 208] — Judgment (denominated an order), Supreme Court, New York County (Lewis R. Friedman, J.), entered on or about June 3, 1993, which denied the petition brought pursuant to CPLR article 78, and dismissed the proceeding, unanimously affirmed, without costs.

The Parole Board's decision not to grant parole to petitioner, convicted of murdering a woman by slitting her throat,

and then dumping her into a swamp, and who was also convicted of a Federal offense while serving this sentence, does not rise to the level of "irrationality bordering on impropriety" *(Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77). The Parole Board considered the relevant criteria (Executive Law § 259-i [2] [c]) and determined to deny parole *(see, People ex rel. Herbert v New York State Bd. of Parole,* 97 AD2d 128, 132-133). It is not the function of this Court to interfere with that Board's weighing of the factors *(see, Matter of McKee v New York State Bd. of Parole,* 157 AD2d 944).

While petitioner correctly asserts that issue preclusion applies equally to agency as well as judicial decisions, we find the Board's decree in this case not to constitute a full and final determination on any issue; rather, it was a direction for psychiatric evaluations and a scheduling of a new hearing. Concur—Sullivan, J. P., Wallach, Ross, Asch and Tom, JJ.