■ In the Matter of MOSES WALKER, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [610 NYS2d 397] —Cardona, P. J., Appeal from a judgment of the Supreme Court (Bradley, J.), entered August 16, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for parole.

In 1979 petitioner was convicted of murder in the second degree and robbery in the second degree. He was sentenced to 15 years to life on the murder conviction and 5 to 15 years on the robbery conviction, to be served concurrently. Following expiration of his minimum period of incarceration, petitioner applied for parole. On May 13, 1992, his application was denied.

Respondents' denial was based upon the finding that petitioner presented an unacceptable risk to community safety. In making the determination, respondents emphasized the seriousness of petitioner's crime, i.e., shooting indiscriminately into a crowd, his initial failure to attend available violent behavior modification programs, lack of insight into the crime and his failure during the parole release interview to display a "deep sense of remorse concerning [his] activities and the death of the victim".

Initially, we note that petitioner's claims of bias by the Parole Board and its failure to perform a psychiatric evaluation prior to the parole release interview have not been preserved for appellate review as the former was not raised before Supreme Court *(see, Matter of Hobson v Coughlin,* 137 AD2d 940) and the latter was not raised in the administrative appeal *(see, Matter of Maldonado v Coughlin,* 186 AD2d 974, 975; *Matter of Bates v Coughlin,* 145 AD2d 854, *lv denied* 74 NY2d 602).

Petitioner's primary contention is that respondents' determination denying parole was arbitrary and capricious because it failed to consider all of the relevant statutory factors. Executive Law § 259-i (2) (c) delineates the guidelines that the Parole Board must consider in determining whether to release an inmate on parole: "(i) the institutional record including program goals and accomplishments, academic achievements, vocational education, training or work assignments, therapy and interpersonal relationships with staff and inmates; (ii) performance, if any, as a participant in a temporary release program; (iii) release plans including community resources, employment, education and training and support services available to the inmate; (iv) any deportation order issued by the federal government * * *; and (v) the written statement of the crime victim or the victim's representative, where the crime victim is deceased or is mentally or physically incapacitated." *(See, Matter of King v New York State Div. of Parole,* 190 AD2d 423, 431, *affd* 83 NY2d 788.) Additionally, because the trial court set petitioner's minimum period of imprisonment, the Parole Board must also take into account the: "(i) the seriousness of the offense with due consideration to the type of sentence, length of sentence and recommendations of the sentencing court, the district attorney, the attorney for the inmate, the pre-sentence probation report as well as consideration of any mitigating and aggravating factors, and activities following arrest and prior to confinement; and (ii) prior criminal record, including the nature and pattern of offenses, adjustment to any previous probation or parole supervision and institutional confinement" (Executive Law § 259-i [1] [a]).

Petitioner contends that the Parole Board relied solely on the seriousness of his crimes in making its determination. We disagree. The record shows that the Parole Board also discussed petitioner's institutional record including his academic and therapeutic achievements, and his release plans. A Parole Board need not expressly discuss each of the guidelines in its

determination *(cf., Matter of King v New York State Div. of Parole,* 83 NY2d 788, 791), nor must it assign a specific weight to a given guideline *(see, Matter of McKee v New York State Bd. of Parole,* 157 AD2d 944, 945). Here, the record shows that the Parole Board considered the relevant guidelines *(see, Matter of King v New York State Div. of Parole, supra).*

Respondents' discretionary release decision was made pursuant to the statutory requirements and, therefore, there is no basis to disturb it *(see, Matter of Sinopoli v New York State Bd. of Parole,* 189 AD2d 960; *Matter of McKee v New York State Bd. of Parole, supra).*

We have considered petitioner's other contentions and find that they lack merit.

Mercure, White, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.