In the Matter of JOSEPH KEINDLE, Appellant, v RAUL RUSSI, as Chairman of the Division of Parole, Respondent. [639 NYS2d 535] —Crew III, J.

Petitioner, serving a lengthy period of incarceration as a result of his conviction of multiple counts of sodomy in the first degree, sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child, first applied for parole in June 1992, at which time his request was denied based upon the severity of the underlying offenses and petitioner's refusal to participate in sex offender counseling while in prison. Petitioner thereafter agreed to counseling and reapplied for parole in June 1994, at which time parole was again denied based upon the severity of the offenses and the fact that the short period of time during which petitioner had been in therapy (approximately one year) was insufficient to address the level of abuse petitioner had perpetrated upon his three young stepchildren. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to set aside respondent's determination. Supreme Court ultimately dismissed the petition and confirmed respondent's determination. This appeal by petitioner followed.

The arguments raised by petitioner on appeal do not merit extended discussion. As a starting point, petitioner has failed to "convincingly demonstrate[ ]" that the Parole Board did in fact fail to consider the statutory factors contained in Executive Law § 259-i (2) (c) in reviewing his application for parole (*Matter of King v New York State Div. of Parole*, 190 AD2d 423, 431, *affd* 83 NY2d 788). It appears that the Board had before it information regarding, *inter alia*, petitioner's prior criminal record, his institutional record and his release plans, and petitioner's sweeping assertion that the Board ignored certain relevant information in evaluating his application does not find support in the record before this Court. Similarly unavailing is petitioner's assertion that his release interview was less than fair and impartial. Finally, petitioner's remain-

ing contentions, including his claim that the Board failed to take into account the fact that 15 of the 26 counts upon which petitioner was convicted had been vacated upon appeal and that his administrative appeal was flawed, have not been preserved for our review. Accordingly, Supreme Court's judgment dismissing the petition should be affirmed.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.