■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THEODORE JUSTICE, Appellant, v RAUL RUSSI, as Chairman of the New York State Division of Parole, Respondent. [641 NYS2d 143] — Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered April 4, 1994 in Clinton County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner, an inmate serving a sentence of 4 to 12 years in prison for attempted kidnapping in the first degree, commenced this habeas corpus proceeding challenging respondent's denial of his request for release on parole. He argues, *inter alia*, that because he received a certificate of earned eligibility, respondent should have granted his request. Initially, inasmuch as petitioner challenges the administrative determination and not the legality of his detention, the appropriate remedy is a CPLR article 78 proceeding, not a habeas corpus proceeding (*see, People ex rel. Haderxhanji v New York State Bd. of Parole*, 97 AD2d 368, 369; *People ex rel. Maddox v Henderson*, 55 AD2d 1004; *People ex rel. Greene v Smith*, 52 AD2d 292, 293, *appeal dismissed* 40 NY2d 826; *People ex rel. Ward v Smith*, 52 AD2d 755, 756, *appeal dismissed* 40 NY2d 826). Nevertheless, in lieu of dismissing the petition, we shall treat this proceeding as though it had been commenced pursuant to CPLR article 78 (*see, People ex rel. Maddox v Henderson, supra; People ex rel. Greene v Smith, supra*, at 293).

Respondent denied petitioner's parole request based upon the violent nature of the crime and petitioner's failure to become significantly involved in psycho-sexual counseling. Such factors were properly considered by respondent in concluding that, if released, petitioner would "not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society" (Correction Law § 805). Accordingly, notwithstanding petitioner's receipt of a certificate of earned eligibility, we find that the administrative determination denying his request for parole is neither arbitrary nor capricious (*see, Matter of Flecha v Russi*, 221 AD2d 780, *Matter of Walker v Russi*, 176 AD2d 1185, *lv dismissed* 79 NY2d 897). We have considered petitioner's remaining arguments and find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.