■ In the Matter of RICHARD MOORE, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [649 NYS2d 830] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered January 23, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole.

Currently serving 8¹/₃ to 25 years in prison following his 1983 plea of guilty to manslaughter in the first degree, petitioner challenges respondent's determination denying his third request for parole release. It is undisputed that petitioner's parole release was denied in large part because of his extensive criminal history and the nature and severity of his underlying crime; notably, his conviction stemmed from the shooting deaths of two people during a drug-related robbery and injury to a third person. As conceded by petitioner, it was permissible for respondent to take these factors into account in determining whether he should be granted parole release (*see, e.g., Matter of Sinopoli v New York State Bd. of Parole*, 189 AD2d 960). Noting that respondent is free to give whatever weight believed to be appropriate upon the factors it must consider (*see, Matter of McKee v New York State Bd. of Parole*, 157 AD2d 944, 945), our review of the record satisfies us that respondent took into consideration all relevant factors, and its discretionary release decision was in full accord with all statutory and regulatory requirements. Accordingly, we discern no basis to disturb it (*see, supra*).

Finally, we note that petitioner's claim that respondent improperly relied upon what petitioner describes as undisclosed, confidential reports in rendering its decision is not preserved for appellate review inasmuch as petitioner failed to raise this issue on the administrative appeal (*see, Matter of Walker v New York State Div. of Parole*, 203 AD2d 757, 758). In any event, we find this claim, as well as petitioner's remaining contentions, to be without merit.

Mercure, J. P., Crew III, Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.