■ In the Matter of RALPH SANTOS, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [651 NYS2d 934] —Appeal from a judgment of the Supreme Court (Harris, J.), entered April 22, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's application for release on parole.

Petitioner was convicted in 1983 on his plea of guilty of the crimes of sodomy in the first degree (two counts) and sexual abuse in the first degree, in satisfaction of a multicount indictment in which he was charged with the rape, sodomy and unlawful imprisonment of four females, ages 13, 16, 17 and 40. Petitioner was sentenced to terms of imprisonment totaling $8^{1}/_{3}$ to 25 years. He subsequently brought the instant CPLR article 78 proceeding to challenge the denial of his third and most recent application for release on parole.

Decisions regarding release on parole are discretionary and will not be disturbed so long as the Parole Board considered certain guidelines, such as the inmate's institutional record, participation in a temporary release program and release plans (*see, Matter of Flecha v Russi*, 221 AD2d 780, *lv denied* 87 NY2d 806; *see also,* Executive Law § 259-i). In addition, where, as here, the court establishes the minimum period of imprisonment, the Parole Board must also consider the seriousness of the offense and the inmate's prior criminal record (*see,* Executive Law § 259-i [1] [a]; [2] [c]). While the Parole Board must act within these guidelines, it need not specifically discuss each

one in its decision nor is it required to give each factor equal weight (*see, Matter of King v New York State Div. of Parole,* 190 AD2d 423, 431, *affd* 83 NY2d 788).

In this instance, petitioner has failed to convincingly demonstrate that the Parole Board considered factors outside the guidelines or, conversely, failed to consider the statutory factors (*see, Matter of Keindle v Russi,* 225 AD2d 988; *compare, Matter of King v New York State Div. of Parole,* 83 NY2d 788, 789, *supra*). In fact our review of the record discloses that petitioner's hearing was conducted within the scope of the statutory factors and that the Parole Board explored several of them. We have considered petitioner's remaining contentions and find them unpersuasive.

Crew III, J. P., White, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.