■ In the Matter of MARC HEROUARD, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [673 NYS2d 229] —Appeal from a judgment of the Supreme Court (Graffeo, J.), entered October 27, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Board of Parole denying petitioner's request for parole.

Petitioner is serving 23 concurrent terms of imprisonment with an aggregate sentence of 6 to 18 years following his 1991 conviction of the crimes of attempted murder, robbery, burglary, grand larceny, criminal possession of a weapon and attempted assault. These convictions arose out of defendant's activities while he was on probation from a previous judgment of conviction and involved several burglaries and armed robberies, culminating in a homeowner being pistol-whipped and shot at.

Petitioner challenges the Board of Parole's determination denying him parole release, contending that his August 1996 certificate of earned eligibility entitled him to be released on parole as soon as he had served the minimum term of his sentence (*see*, Correction Law § 805). We disagree. Correction Law § 805 provides that in the Board's discretion, an inmate may be denied parole, even after receiving a certificate of earned eligibility, if the Board finds that (1) there is a "reasonable probability" that the inmate could not remain at liberty

without violating the law; and (2) the inmate's release would be incompatible with the welfare of the community (*see, Matter of Walker v New York State Div. of Parole*, 203 AD2d 757). The record supports the conclusion that these standards were met here. The denial of petitioner's parole application was based upon his admitted commission of serious crimes while he was on probation following a previous conviction together with his failure to express remorse or to acknowledge responsibility for his violent crimes, blaming his criminal conduct on "peer pressure". We conclude that the Board's denial of petitioner's application for parole was made pursuant to the statutory requirements and it will not, accordingly, be disturbed (*see*, Executive Law § 259-i; *see also, People ex rel. Justice v Russi*, 226 AD2d 821). Petitioner's remaining contentions have been considered and found to be without merit.

Mikoll, J. P., Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.