■ In the Matter of RITA WALKER, Respondent, v BRION TRAVIS, as Chair of New York State Division of Parole, Appellant. [676 NYS2d 52] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about January 15, 1998, which granted the petition to annul the respondent State Division of Parole's determination denying parole release, dated

July 16, 1996 and affirmed on June 9, 1997, after an administrative appeal, to the extent of remanding the matter to the respondent State Division for a de novo hearing within 30 days of the date of the order, unanimously reversed, on the law and facts, without costs, the petition denied and the determination of the respondent reinstated.

Petitioner was convicted in November 1989, upon a guilty plea, of first degree manslaughter and sentenced to a term of 6 to 18 years in satisfaction of an indictment charging her with second degree murder and related offenses. The charges against petitioner arose from the 1988 shooting death of her live-in boyfriend, who was shot three times by petitioner.

Petitioner was put on work release on November 11, 1993, and appeared before the Parole Board on July 19, 1994, after serving the minimum period of incarceration. Following this hearing, the Parole Board denied petitioner's application for release and directed that she continue in her work-release arrangement for 24 months. (During the year prior to the first hearing, petitioner had been working as a cook at Mercy Medical Center and living on Long Island five days per week. Petitioner only spent two nights per week in jail.) The denial was based upon the violent nature of the crime, petitioner's history of alcohol and drug addiction and the fact that the District Attorney's Office opposed the release.

On July 16, 1996, petitioner appeared at her second parole-release hearing, which is the subject of this appeal. Petitioner submitted various letters of support for her release, including one from her employer at Mercy Medical Center. In addition, the status report indicated that since her last appearance petitioner had continued on work release and participated in the STEPS program in New York City once weekly until January 1996 and had continued one-on-one counseling sessions as to her various addictions at her place of employment. The second parole application was denied.

In its order, the IAS Court determined that the panel's decision was irrational and concluded that the panel did not review the letters submitted by the petitioner. Accordingly, it remanded the matter for a de novo hearing.

We agree with the IAS Court that petitioner has made an outstanding adjustment over the past four years in education, counseling and employment. These are among the factors to be considered in the Parole Board's exercise of its discretionary release power (Executive Law § 259-i [1] [a]; [2] [c] [i]-[v]). However, "parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined

but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law." (Executive Law § 259-i [2] [c].)

In this case, the Parole Board's stated reasons for denying petitioner's second application for parole were based upon the severity of the crime, although it noted in its decision that it had reviewed the entire record. In *Matter of Garcia v New York State Div. of Parole* (239 AD2d 235), this Court dealt with a CPLR article 78 review of the denial of a petitioner's second parole application. We held that it was not improper for the Board to base its denial on the severity of the crime, despite the fact that the petitioner therein also had an exemplary record.

"[W]hile the relevant statutory factors must be considered, it is well settled that the weight to be accorded to each of the factors lies solely within the discretion of the Parole Board (*see, Matter of Klein v New York State Div. of Parole,* 202 AD2d 319, 320; *Matter of McKee v New York State Bd. of Parole,* 157 AD2d 944, 945; *People ex rel. Herbert v New York State Bd. of Parole,* 97 AD2d 128, 133). Moreover, the Board is not required to expressly discuss each of the guidelines in its determination (*Matter of King v New York State Div. of Parole, supra,* 83 NY2d, at 791).

"Clearly, the Board of Parole has been vested with an extraordinary degree of responsibility in determining who will go free and who will remain in prison, and a petitioner who seeks to obtain judicial review on the grounds that the Board did not properly consider all of the relevant factors, or that an improper factor was considered, bears a heavy burden (*Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77)." (*Matter of Garcia v New York State Div. of Parole, supra,* at 239.)

The petitioner herein failed to meet that "heavy burden." We note the strong possibility that petitioner's achievements and success may be due to the continued supervision and control the authorities exercise under the present arrangement. Concur—Rosenberger, J. P., Ellerin, Nardelli, Wallach and Saxe, JJ.