■ In the Matter of WILLIAM E. WATERS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [676 NYS2d 279] —Graffeo, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered September 29, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's parole release.

Petitioner is presently serving concurrent terms of imprisonment of 20 years to life for murder in the second degree and 7

to 21 years for manslaughter in the first degree, emanating from a 1977 conviction. His initial application for parole was denied on September 18, 1996 based on the nature and circumstances of the offense, wherein three adolescents were involved in a planned robbery in which the victim was stabbed to death. In its decision, the Parole Board also considered petitioner's extensive juvenile record, including three robberies, and noted that the crime was committed while he was on probation. Although the Parole Board acknowledged petitioner's academic accomplishments and program participation during his incarceration, it found that his record, evidencing a pattern of escalating armed robberies, precluded discretionary release. After an administrative appeal, the Parole Board's decision was affirmed. Petitioner commenced a CPLR article 78 proceeding challenging the determination of respondent which was dismissed by Supreme Court.

Petitioner appeals, contending that the Parole Board improperly considered petitioner's decision to proceed to trial rather than accepting a plea agreement. Parole Board decisions based on nonstatutory factors are generally improper and require a new hearing (see, Matter of King v New York State Div. of Parole, 83 NY2d 788, 791). However, it is not necessary for the Parole Board to specifically address each of the guidelines in its determination or accord specific weight to a given guideline (see, Matter of Walker v New York State Div. of Parole, 203 AD2d 757, 758; Matter of McKee v New York State Bd. of Parole, 157 AD2d 944, 945). Here, the record demonstrates that the Parole Board considered appropriate factors, including petitioner's institutional record, the seriousness and nature of the offense, his prior criminal record and his release plans (see, Executive Law § 259-i [1] [a]; [2] [c]; Matter of Farid v Travis, 239 AD2d 629, 630; Matter of Walker v New York State Div. of Parole, supra, at 758-759). While we recognize petitioner's academic achievements, the Parole Board clearly considered those factors, as well as relevant statutory factors not favorable to petitioner, and arrived at a rational determination (see, Matter of Farid v Travis, supra; Matter of Garcia v New York State Div. of Parole, 239 AD2d 235). The Parole Board did question petitioner with respect to the circumstances surrounding his decision to proceed to trial, but it is evident that this inquiry was in direct response to petitioner's written request to discuss these factors. Moreover, there is no indication in the record that the Parole Board's decision was influenced by or based upon those circumstances. Therefore, the Parole Board's determination shall not be disturbed, having been made in accordance with the proper statutory require-

ments (*see, Matter of Sinopoli v New York State Bd. of Parole*, 189 AD2d 960).

We have considered petitioner's remaining contentions which we find to be without merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.