■ In the Matter of VICTOR DORATO, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [696 NYS2d 247] —Appeal from a judgment of the Supreme Court (Kane, J.), entered November 4, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole.

Petitioner was convicted upon his plea of guilty of the crimes of sexual abuse in the first degree and sodomy in the second degree and is serving concurrent prison terms of 2 to 6 years and 2 to 4 years, respectively. The Board of Parole denied petitioner's application for parole. Supreme Court dismissed the petition and we affirm. The record reveals that in denying petitioner's parole release, the Board considered the relevant factors including the nature of his crimes, his institutional rec-ord, including his commendable behavior as well as his limited participation in counseling to address his own sexual abuse as a child, his receipt of an Earned Eligibility Certificate, his lack of a prior criminal record and his release plans (*see*, Executive Law § 259-i [2] [c]). In view of the foregoing, we conclude that Supreme Court appropriately dismissed the petition (*see, Mat-ter of Keindle v Russi*, 225 AD2d 988; *Matter of Walker v New York State Div. of Parole*, 203 AD2d 757). The fact that petitioner received a certificate of earned eligibility does not preclude the Board from concluding, as it rationally did here, that petitioner could not live and remain at liberty without violating the law and that his release would be incompatible with the welfare of society (*see*, Correction Law § 805; *Matter of Thomas v Travis*, 257 AD2d 812, *lv denied* 93 NY2d 804). Finally, we find no merit to petitioner's contention that the pa-

role interview was improperly conducted. Petitioner's remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P. J., Mercure, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.