■ In the Matter of IRIS HOWARD, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [704 NYS2d 326] —Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered May 11, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for parole release.

As a result of his convictions for the crimes of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, petit larceny and unauthorized use of a motor vehicle, petitioner was sentenced to concurrent terms of imprisonment the maximum of which was 10 to 20 years. Respondent denied petitioner's application for parole release. Supreme Court dismissed the petition and we affirm.

The record reveals that in denying petitioner's application for parole release, respondent considered all of the relevant factors—positive and negative—including the nature and extent of his crimes, his past convictions, the fact that the instant offenses occurred while he was on parole and his earned eligibility certificate (*see,* Executive Law § 259-i [2] [c]). In view of the foregoing, it cannot be said that respondent's determination was either irrational or arbitrary and capricious (*see, Matter of Phillips v Travis*, 262 AD2d 889; *Matter of Waters v New York State Div. of Parole*, 252 AD2d 759, *lv denied* 92 NY2d 812; *see also,* Executive Law § 259-i [5]). Furthermore, the fact that petitioner received an earned eligibility certificate does not preclude respondent from denying parole release in view of the minimum length of his sentences and its conclusion that petitioner could not live and remain at liberty without violating the law and that his release would be incompatible with

the welfare of society (*see, Matter of Dorato v New York State Div. of Parole*, 264 AD2d 885; *see also,* Correction Law § 805). Accordingly, we find no reason to disturb respondent's discretionary decision. Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.