■ In the Matter of WILLIAM DEVORE, Appellant, v BRION D. TRAVIS, as Chairman of the New York State Division of Parole, Respondent. [711 NYS2d 916] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 7, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving consecutive prison sentences of 5 to 15 years for manslaughter in the second degree and 1 to 3 years for criminal possession of a weapon in the second degree. He appeared before the Board of Parole on November 11, 1998 and his request for parole release was subsequently denied based upon the seriousness of his convictions, which stemmed from the shooting death of petitioner's pregnant girlfriend. The Board further held that petitioner demonstrated a propensity for extreme violence and had minimized his involvement in the instant offenses. Following an administrative appeal, the Board's decision was affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued.

We affirm. The record discloses that the Board considered all relevant factors, including petitioner's receipt of an earned eligibility certificate and his future plans upon release (*see,* Executive Law § 259-i [2] [c]; *Matter of Hernandez v McSherry,* 271 AD2d 777). Furthermore, petitioner's receipt of the certificate did not preclude the Board from denying parole release in view of the minimum length of his sentences and the Board's conclusion that petitioner could not live and remain at liberty without violating the law and his release would be incompatible with the welfare of society (*see, Matter of Howard v New York State Bd. of Parole,* 270 AD2d 539; *see also,* Correction Law § 805). Accordingly, we find no reason to disturb the Board's discretionary decision. Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.