■ In the Matter of EDWARD D. HURDLE, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [724 NYS2d 370] —Carpinello, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered July 18, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner has been in prison since 1975 serving an indeterminate sentence of 25 years to life after having been convicted of murder. The conviction emanates from an incident in which petitioner and another individual sexually abused and stabbed to death a woman and her nine-year-old daughter. In May 1999, respondent denied petitioner's application for parole release. Supreme Court dismissed the CPLR article 78 proceeding to review that determination and we affirm.

Executive Law § 259-i (2) (c) (A) specifically states that "parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if * * * [the inmate's] release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for the law." Despite petitioner's contention that respondent failed to consider all of the statutory guidelines, upon review of the record, it is clear that respondent did in fact consider all the relevant factors. In the case at hand, respondent not only considered the seriousness of the crime, but also petitioner's institutional record and his housing/employment plans if released. It is well established that respondent may place "whatever weight it believe[s] appropriate upon the factors it is required to consider" (*Matter of Sinopoli v New York State Bd. of Parole*, 189 AD2d 960; *see, Matter of McKee v New York State Bd. of Parole*, 157 AD2d 944, 945).

In light of petitioner's failure to demonstrate that respondent's determination was affected by a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77), we find no reason to disturb the discretionary determination that petitioner was not an acceptable candidate for parole release (*see, Matter of Charlemagne v State of New York Div. of Parole*, 281 AD2d 669). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.