■ In the Matter of Louis ROMAN, Appellant, v MARTIN CIRINCIONE, as Chair of the New York State Parole Division, Respondent. [735 NYS2d 829] —Mugglin, J. Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered January 2, 2001 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner has been in prison since 1977 serving an aggregate sentence of 25 years to life after having been convicted of two counts of murder in the second degree and four counts of robbery in the first degree. In May 2000, the Board of Parole denied petitioner's most recent application for parole release. Supreme Court dismissed the CPLR article 78 proceeding to review that determination and we affirm.

The record demonstrates that the Board considered the relevant statutory factors in denying petitioner's request for parole release, including his positive accomplishments°in prison and postrelease plans, before concluding that, due to the serious and violent nature of the crimes, petitioner is not an acceptable candidate for parole release (*see, Matter of Hurdle v New York State Bd. of Parole*, 283 AD2d 739). Accordingly, in light of petitioner's failure to demonstrate that the Board's determination was affected by a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77), we perceive no basis upon which to disturb the discretionary determination that petitioner was not an acceptable candidate for parole release (*see, Matter of Hurdle v New York State Bd. of Parole, supra*). Moreover, we find no support in the record for petitioner's current claim that the Board's reliance on the statutory factors in denying his application is pretextual only, its true motivation being to deny him parole so that the State can continue to be eligible to receive Federal Truth in Sentencing grant funds. Accordingly, this argument is rejected as meritless.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.