■ In the Matter of Louis Tatta, Appellant, v State of New York, Division of Parole, et al., Respondents. [737 NYS2d 163] —Carpinello, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered May 14, 2001 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving an aggregate prison sentence of 13⅓ to 40 years for his conviction of numerous crimes arising out of a vicious assault on his former girlfriend. At his initial appearance before the Board of Parole, his application for release to parole supervision was denied. The Board's decision referenced petitioner's lack of insight into his criminal behavior, as well as his prior conviction of attempted murder for shooting at a police officer, and concluded that his "most violent and out of control behavior * * * on two particular occasions militates strongly against all other factors." After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to review the Board's determination. Supreme Court dismissed the petition, prompting this appeal.

As limited by his brief, petitioner challenges only that aspect of the Board's determination which ordered him held for 24

months before reconsideration of his parole application, a period he claims is excessive. The scheduling of the reconsideration hearing was a matter for the Board to determine in the exercise of its discretion (*see, Matter of Confoy v New York State Div. of Parole*, 173 AD2d 1014), subject to the statutory 24-month maximum (*see,* Executive Law § 259-i [2] [a]). Therefore, in the absence of an impropriety by the Board, the date of petitioner's next scheduled release hearing should not be disturbed (*see, Matter of Ryder v New York State Bd. of Parole*, 87 AD2d 891; *see also, People ex rel. Grimmick v McGreevy*, 141 AD2d 989, *lv denied* 73 NY2d 702).

Petitioner's challenge to the 24-month period is based upon his claims that he is suffering from several serious illnesses, there were certain factual errors in his parole records, the guideline time range established by 9 NYCRR 8001.3 was ignored and the Board improperly considered an uncharged crime. None of these claims has any merit. Although petitioner indeed suffers from various illnesses, he did not qualify for medical parole (*see,* Executive Law § 259-r). Further, the Board's conclusion that the violent nature of petitioner's crimes and his criminal history outweighed other factors, including his medical condition, was a proper exercise of its discretionary authority (*see, Matter of Trobiano v State of New York Div. of Parole*, 285 AD2d 812, *lv denied* 97 NY2d 606). In addition, a review of the transcript of petitioner's interview and the Board's written decision demonstrates that the errors and uncharged crime cited by petitioner played no role in the Board's determination. Finally, contrary to petitioner's claim that the Board was required to adhere to the guideline time range established by 9 NYCRR 8001.3, the guidelines "are intended only as a guide, and are not a substitute for the careful consideration of the many circumstances of each individual case" (9 NYCRR 8001.3 [a]). There being no basis to disturb the Board's determination, Supreme Court's judgment dismissing the petition is affirmed.

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.