■ In the Matter of MAYOS CLOTHES, INC., et al., Appellants, v. BOARD OF REVIEW OF THE TOWN OF SMITHTOWN, Respondent.— In consolidated proceedings pursuant to article 7 of the Real Property Tax Law to review tax assessments on petitioners' real property located in the Village of The Branch, Town of Smithtown, for the tax years of 1969–1970 through 1971–1972, petitioners appeal from a judgment of the Supreme Court, Suffolk County, dated May 31, 1972, which reduced the assessments by $93,200 for tax year 1969–1970 and by $93,440 for tax years 1970–1971 and 1971–1972, after a nonjury trial. Judgment affirmed, with costs. No evidence was adduced as to the valuation of the parcel owned by petitioner Mayos Clothes, Inc. As to the remaining three parcels, petitioners contend that the reductions should have been greater because the total assessed value of the properties found by Special Term, to wit: $390,240 for tax year 1969–1970 and $390,000 for tax years 1970–1971 and 1971–1972, exceeded the assessed values suggested by an expert called by respondent who applied the summation method (reproduction cost less depreciation). Petitioners point to the language in *Matter of 860 Fifth Ave. Corp.* v. *Tax Comm. of City of N. Y.* (8 N Y 2d 29, 32) that "Cost of new buildings or reproduction cost less depreciation establish maximum building value in assessment cases". The weakness in petitioners' contention is that Special Term was free to reject the evidence adduced on this point. The record shows that the expert himself placed little reliance on that evidence. At various times in his testimony he characterized his reproduction cost less depreciation calculation as "an error" and as "pure estimate" and stated emphatically that petitioners "couldn't reproduce" the properties for the amount indicated. His report concluded with the statement that "Since the Income Approach is the best indicator of value for properties of this type, it is my conclusion that the values I have estimated under that method represent the true market value." It was this income capitalization approach upon which Special Term relied and we think properly so (see *Matter of Elmhurst Towers* v. *Tax Comm. City of N. Y.*, 34 A D 2d 570). The assessed values arrived at by Special Term were within the range proposed by the respective parties (e.g., for 1969–1970, $400,200 by respondent and $320,600 by petitioners) and we conclude there was legally sufficient and substantial evidence to sustain them (see *Matter of City of New York [Coogan]*, 20 N Y 2d 618, 624). Gulotta, P. J., Hopkins, Shapiro and Munder, JJ., concur.