■ In the Matter of JAMES ITTIG, Petitioner, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered March 16, 1977 in Chemung County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78. Petitioner was denied parole after a hearing before respondent's panel in December of 1976. He was advised in writing that the reason for the denial was that his release at that time was not compatible with the welfare of · society because of the serious nature of the crime committed; i.e., patricide. Petitioner alleges that at the parole hearing one member of the panel stated he was prejudiced because of the nature of the crime for which petitioner was incarcerated. In this proceeding, petitioner seeks to annul the board's determination and obtain a new hearing before an impartial panel that will provide him with a meaningful statement of reasons in the event parole is again denied. In the alternative, petitioner seeks remand for a trial below on the issue of whether one panel member was impermissibly prejudiced. The reason for the denial of parole that has been given to petitioner is sufficient (Matter of Gonzague v New York State Bd. of Parole, 58 AD2d 707). Because no record is kept of parole hearings and prospective parolees are not entitled to have other persons attend the hearings with them (7 NYCRR 1910.10 [e]), we are unable to evaluate petitioner's unsupported allegations that a panel member said he was prejudiced. However, in any event, this allegation would not compel us to remand for a trial on this issue since the reason alleged for the prejudice, the nature of the crime, is a permissible factor for the board to consider (7 NYCRR 1910.15) and is a sufficient ground for parole denial. Moreover, the record in its entirety demonstrates that respondent exercised its discretion in conformity with the law and its determination will not be disturbed by this court (Matter of Watkins v Caldwell, 54 AD2d 42). Judgment affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of ROBERT W. LA BARGE, Petitioner, v JAMES P. MELTON, as Commissioner of the New York State Department of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's license to operate a motor vehicle. Questions of credibility were resolved against petitioner following a hearing and our examination of the record discloses no reason to disturb those findings. Since substantial evidence supports the instant determination, we must confirm it. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.