## (November 10, 1977)

■ In the Matter of JOHN FUSCO, Appellant, v CHAIRMAN, BOARD OF PAROLE OF THE STATE OF NEW YORK, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered June 14, 1976 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the New York State Board of Parole denying him a release on parole. Petitioner pleaded guilty to attempted sale of a controlled substance in the third degree, having delivered a large quantity of heroin to an undercover police officer posing as a purchaser. Petitioner, acting at the direction of the actual seller, was to receive $500 for the delivery. After taking note of petitioner's favorable probation report and exemplary behavior during all proceedings, Supreme Court sentenced petitioner to an indeterminate term of imprisonment with a minimum of one year and a maximum of life, the minimum sentence allowed by law (Penal Law, §§ 70.00, 110.05 subd 3; § 220.39). The New York

State Department of Correctional Services took custody of petitioner on January 23, 1975 and remanded him to the Clinton Correctional Facility. At the end of one year, petitioner came up for review before the Parole Board. The board denied parole and advised petitioner that he would be reconsidered in January, 1978. The board stated its reason for denying parole. "The serious nature of the crime in which you were involved in the sale of heroin to an undercover agent a large amount of drug involved a pound and a half with a value of $750,000." Petitioner contends in this proceeding that "The serious nature of the crime" is insufficient reason to deny parole under the statutory scheme (Correction Law, § 213; 7 NYCRR 1910.15). We adhere to our recent decisions in *Matter of Ittig v New York State Bd. of Parole* (59 AD2d 972) and *Matter of Gonzague v New York State Bd. of Parole* (58 AD2d 707). The Board of Parole has specified the nature and circumstances of the crime as one of the criteria to be used in evaluating parole release requests (7 NYCRR 1910.15). In view of our limited scope of review (Correction Law, § 212, subd 10), we cannot say that the Board of Parole has acted beyond its powers. Judgment affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.