■ In the Matter of MINDEN COURT, INC., Respondent-Appellant, v COMMISSIONER OF ASSESSMENT AND TAXATION et al., Appellants-Respondents. —Cross appeals from an order of the Supreme Court, entered January 18, 1977 in Broome County, upon a decision of the court at a Trial Term which, in a proceeding pursuant to article 7 of the Real Property Tax Law, reduced the assessment upon petitioner's property, corrected the assessment rolls and directed a refund of taxes. Both appraisers used the capitalization method to assess petitioner's apartment complex. The only dispute is over the determination of the economic rent. This is a factual determination, and where, as here, the value arrived at by the trial court is within the range of the expert testimony, it will not be disturbed on appeal (Matter of Mayos Clothes v Board of Review of Town of Smithtown, 47 AD2d 531). The city's allegation that F. H. A. rent restrictions artificially deflated the actual rents relied on by petitioner is not established in the record. The owner testified that F. H. A. rent restriction never forced him to rent an apartment at a lower rate than he could have obtained on the open market. Order affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.

■ In the Matter of FELIPE RIVERA, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—Judgment, Supreme Court, Clinton County, entered January 4, 1978, affirmed, without costs (see Matter of Fusco v Chairman Bd. of Parole of State of N. Y., 59 AD2d 973, mot for lv to app den 43 NY2d 648; Matter of Ittig v New York State Bd. of Parole, 59 AD2d 972; Matter of Gonzague v New York State Bd. of Parole, 58 AD2d 707). Mahoney, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.

■ EDWARD J. SMITH et al., Respondents, v CHARLES BARBARO et al., Appellants.—Appeal from a judgment of the Supreme Court, entered April 27, 1977 in Albany County, upon a verdict rendered at a Trial Term, in favor of plaintiffs. Plaintiff sustained personal injuries when she fell on the sidewalk adjacent to premises owned by the individual defendants. A jury returned a verdict against all defendants, the city's liability being founded upon a defective sidewalk arising from its own affirmative acts, and that of the abutting owners resting on a special benefit conferred on them by reason of the valve stem of the water service to their premises at the location where plaintiff fell. The city had excavated the area in question to provide access to the water line so that the owners could repair a leak in the system. After visiting the site and examining photographs thereof, plaintiffs' expert witness concluded that the work performed by the city was not in accordance with the usual custom and usage of builders in the City of Albany and, consequently, that the sidewalk had settled and produced the resulting defective condition. We reject the city's argument that there was an insufficient foundation for this testimony. The record clearly establishes the witness' qualifications and an adequate explanation for his opinion was supplied. While an abutting owner is not liable for the maintenance of the sidewalk adjacent to his premises under ordinary conditions, we believe there is sufficient evidence in this record to support the jury's implicit finding of a special benefit conferred upon the property of the individual defendants under the circumstances presented (see Smith v City of Corning, 14 AD2d 27, Gordon v City of Albany, 278 App Div 233). Judgment affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.