OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment: (1) declaring null and void the determina *1067 tion that petitioner’s parole eligibility date be set at February, 1980; (2) directing respondents to grant petitioner a parole release hearing at the December, 1979 meeting of the Parole Board.
On January 6, 1978, following a plea of guilty by petitioner, he was sentenced to a term of 2 to 4 years for robbery in the third degree, to run concurrently with a previous 10-year sentence after a conviction of manslaughter in the first degree. Because of the terms of his new sentence, and the credit for prior time served (5 years), petitioner was immediately eligible for parole on his 2- to 4-year sentence as of the date of his receipt into the custody of the Department of Correctional Services on February 14, 1978.
The Parole Board met with petitioner in June, 1978 to make a determination as to whether he should be paroled. This was his first appearance before the board. The board determined, after interviewing petitioner, that he should not be released under parole supervision but should be held for an additional 24 months. After appeal to the Board of Parole Appeals Unit, petitioner’s reappearance date was modified to February, 1980, crediting petitioner for a four-month delay of initial appearance before the board. The reasons given for the board’s decision were: "The persistence of your criminal conduct which most recently involved a shotgun holdup while you were on parole constitutes a serious threat to society. Parole is denied due to your criminal conduct and your unresponsiveness to rehabilitative efforts.”
The petitioner contends that he was not afforded a meaningful parole release consideration hearing and that the Parole Board operated in excess of its jurisdiction by setting a parole release hearing date one month beyond petitioner’s eligibility date of January 6, 1980 as set by the court.
This court cannot agree with the contentions of the petitioner. Regulations have been promulgated under section 259-i of the Executive Law which set forth factors to be considered by the board in determining whether an inmate should be released on parole. Actions of the board pursuant to section 259-i of the Executive Law are deemed to be judicial functions and are not reviewable in the courts if done in accordance with law (Matter of Watkins v Caldwell, 54 AD2d 42; Matter of Briguglio v New York State Bd. of Parole, 24 NY2d 21; Matter of Ittig v New York State Bd. of Parole, 59 AD2d 972). The board must exercise its discretion when it *1068 denies an inmate parole release in conformance with the powers vested in it. by statute and pursuant to its own previously noted published regulations. This court cannot substitute its judgment for that of the respondent Parole Board. Applying these principles to the facts in this case, and to the parole summary and the minutes of the Parole Board hearing annexed to the opposing papers, this court concludes that the board did not act arbitrarily or capriciously and that petitioner had a meaningful hearing.
Further, petitioner is not entitled to parole release at the expiration of his minimum term, and subdivision 2 of section 259-i of the Executive Law does not create a right to parole release. The minimum term, whether set by the court or the board, merely establishes the minimum period an inmate must spend in confinement before he can be considered to be eligible for parole release.
In view of the foregoing, the petition is in all respects denied.