■ In the Matter of JOHN RISTAU, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Division of Parole, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered October 31, 1983 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Division of Parole denying petitioner parole. ¶ After a parole release hearing, petitioner was denied parole by a decision based on (a) the gravity of petitioner's present offense (murder in the first degree for shooting and killing a 17-year-old boy during the commission of a robbery of a grocery store); (b) a 20-year history of petitioner's violent and assaultive crimes; (c) the adjudication and incarceration of petitioner as a wayward minor in 1940; (d) an indecent exposure conviction for which petitioner received a reformatory term; (e) a burglary conviction for which petitioner was placed on probation; (f) an armed robbery conviction for which petitioner received 7½ to 15 years; (g) the high living criminal life-style that petitioner had manifested; (h) poor insight and judgment demonstrating a lack of ability to function in a free society despite 20 years of confinement; and (i) a disregard of available counseling services. ¶ After a recommendation of affirmance of this decision by the appeals unit of the Parole Board, petitioner instituted this CPLR article 78 proceeding to review the determination. Special Term dismissed the petition, resulting in this appeal. ¶ Petitioner contends (1) that the Parole Board violated the ex post facto prohibition contained in the Federal Constitution (US Const, art I, § 9, cl 3; § 10, cl 1) by applying the criteria of section 259-i of the Executive Law, which became effective January 1, 1978 (L 1977, ch 904, § 18), to his instant conviction, which occurred in 1963, and (2) that the board gave undue weight to the nature of his crime and criminal history and inadequate regard to mitigating factors and his presently good prison record. We disagree with both of petitioner's claims. ¶ Under former section 213 of the Correction Law (repealed by L 1977, ch 904, eff Jan. 1, 1978) in effect at the time of petitioner's conviction, substantially the same criteria were applicable to release on parole. This is not a situation where the Parole Board, under the present provisions of the Executive Law, was required or not permitted to consider criteria different than that provided in former article 8 of the Correction Law. There can be no doubt that petitioner's offense is of the most serious nature, and that factor alone has been held sufficient by this court under former section 213 of the Correction Law to deny parole (*Matter of Fusco v Chairman, Bd. of Parole,* 59 AD2d 973, mot for lv to app den 43 NY2d 648), as has been an inmate's long assaultive criminal record (*Matter of Watkins v Caldwell,* 54 AD2d 42, mot for lv to app dsmd 40 NY2d 807). Furthermore,

section 259-i of the Executive Law does not specify the degree of weight to be given each enumerated factor (*Matter of Qafa v Hammock,* 80 AD2d 952), contrary to petitioner's contention that section 259-i, the present statute, has shifted the emphasis in the consideration of the prescribed criteria. For a criminal or penal law to be considered ex post facto, it must (1) be retrospective and (2) disadvantage the offender affected by it (*Weaver v Graham,* 450 US 24, 29). Clearly, this statute must be considered retrospective, since it has been made applicable to acts committed before its effective date. However, since it does not substantially disadvantage petitioner or substantially change or make more onerous the factors to be considered for his release on parole (*Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 75), the statute cannot be considered to have been applied in an ex post facto manner to petitioner's situation. ¶ The Parole Board's release decisions are discretionary, and if such decision is made in accordance with the statutory requirements, the board's determination is not subject to judicial review (*Matter of Ganci v Hammock,* 99 AD2d 546). Essentially, there must be a showing of irrationality bordering on impropriety to warrant intervention by the courts (*Matter of Russo v New York State Bd. of Parole, supra*). This record reveals that the board took into account petitioner's prison record, as well as the seriousness of his crime, and that there was sufficient reason to deny him parole (*Matter of Bacon v Hammock,* 96 AD2d 557). ¶ The board followed the statutory standard of section 259-i of the Executive Law and confined its determination to a consideration of the factors therein prescribed. A sufficient factual basis existed to support its determination, and the facts on which it relied were stated by the board in its decision. It follows, therefore, that the determination of the board was not arbitrary, and the judgment of Special Term dismissing the petition should be affirmed. ¶ Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.