■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW STEWART, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Shea, J.), entered July 21, 1986 in Washington County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner had been serving an indeterminate term of imprisonment when he was released on parole on April 27, 1984. Prior to release petitioner signed a certificate of release which set forth the conditions of release and stated that a violation of the conditions could result in revocation of parole. On January 24, 1985, petitioner's parole officer filed a report charging petitioner with violations of his parole. After a hearing, the Administrative Law Judge recommended that

petitioner's parole be revoked. Ultimately, respondent decided to revoke petitioner's parole and to incarcerate him for another four years. Petitioner then sought a writ of habeas corpus alleging that he was illegally detained and seeking release on parole. Supreme Court denied the application and this appeal by petitioner ensued.

Initially, we reject petitioner's challenge to respondent's findings. A court reviewing a revocation of parole may not reverse respondent's decision if such decision was arrived at "in accordance with law" (Executive Law § 259-i [5]). Thus, so long as respondent's discretion is exercised in accordance with statutory requirements, such discretion is beyond judicial review (see, Matter of Ristau v Hammock, 103 AD2d 944, 945, lv denied 63 NY2d 608; People ex rel. Herbert v New York State Bd. of Parole, 97 AD2d 128, 131). Therefore, the merits of petitioner's case are beyond our review.

Petitioner also makes several arguments concerning the legality of certain procedures followed at the hearing, only two of which warrant discussion. Petitioner claims that certain recommendations of supervising and senior parole officers that petitioner be declared delinquent were not given to him. Petitioner was given a statement of the charges, a case summary, a report by his parole officer and his certificate of release. Nothing more is required by statute. Nor, in our view, does due process require that internal documents of respondent be given to a parolee charged with violating parole.

Finally, we reject petitioner's claim that the Administrative Law Judge was not impartial. Apparently, petitioner appeared at his originally scheduled hearing and requested an adjournment. The individual who presided at the eventual hearing was present at this adjourned hearing, but did not participate as an Administrative Law Judge or in any other capacity. In our view, the Administrative Law Judge's impartiality was not compromised.

We have considered petitioner's remaining arguments and find them without merit.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.