■ In the Matter of BERNARD PATTERSON, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [610 NYS2d 96] — Appeal from a judgment of the Supreme Court (Feldstein, J.), entered August 11, 1993 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole.

In denying his request for parole, petitioner contends that respondent placed undue emphasis on past statements he made that he had committed other crimes and the offense resulting in the current conviction. In rejecting this argument, we note that parole release is a discretionary decision which, if made in conformity with statutory requirements, is not reviewable. Petitioner has failed to make a convincing showing that respondent considered erroneous information in denying his request. In any event, respondent's decision was also based on the extreme gravity of the offense for which petitioner was imprisoned. Respondent was free to place whatever weight it believed appropriate upon the factors it is required to consider. Respondent's decision to deny parole is supported by the record and must be upheld. Petitioner's remaining arguments have been examined and rejected for lack of merit.

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

■ NOREEN A. LOUEY et al., Appellants, v DORIS L. AUGER, Respondent. [610 NYS2d 889] —Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered June 4, 1993 in Franklin County, which denied plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiff Noreen A. Louey commenced this action for damages suffered when she was hit by a vehicle operated by defendant as she attempted to cross a street. She subsequently moved for partial summary judgment on the issue of liability. Supreme Court properly found that questions of fact exist as to liability, including whether Louey suffered a "serious injury" as defined in the Insurance Law.

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.