■ In the Matter of PETER RENTZ, Appellant, v VICTOR HERBERT, as Superintendent of Collins Correctional Facility, et al., Respondents. [615 NYS2d 178] —Appeal unanimously dismissed. Memorandum: This appeal from an April 1992 decision of the Board of Parole (Board) is moot. Assuming, arguendo, that petitioner were correct in his contention that the Board failed to consider adequately or properly the statutory factors governing release on parole, the appropriate remedy would be a remittal to the Board for a de novo hearing before

a different panel *(see, Matter of King v New York State Div. of Parole,* 190 AD2d 423, 434-435, *affd* 83 NY2d 788). On April 13, 1994, a different panel of the Board denied a subsequent application by petitioner for release on parole. The appeal should be from that more recent determination.

Were we to reach the issues raised on this appeal, we would affirm. The Board determined that, despite his good institutional record, the gravity of the crime for which petitioner was convicted, murder in the second degree, and the manner in which it was committed were so egregious that the release of petitioner on parole would "so deprecate the seriousness of his crime as to undermine respect for law" (Executive Law § 259-i [2] [c]). The Board is not required to state in its decision all of the factors that it considered in reaching that determination *(Matter of King v New York State Div. of Parole,* 83 NY2d 788, *supra).* The record reveals that the Board considered the relevant statutory factors *(see,* Executive Law § 259-i [2] [c]; *cf., Matter of Qafa v Hammock,* 80 AD2d 952), and its conclusion that the seriousness of the crime and the gruesome manner in which it was committed outweighed petitioner's good institutional record was not arbitrary and capricious *(see, Matter of Bacon v Hammock,* 96 AD2d 557). There is no merit to the contention of petitioner that application of Executive Law § 259-i, which was enacted after the commission of the crime for which petitioner was incarcerated *(see,* L 1977, ch 904), violated the Ex Post Facto Clause of the US Constitution. The added statutory language requiring the Board to find that the release of an applicant "will not so deprecate the seriousness of his crime as to undermine respect for law" did not impose a new or additional obstacle to the granting of parole, but merely codified existing case law *(see, e.g., Matter of Fusco v Chairman, Bd. of Parole of State of N. Y.,* 59 AD2d 973, *lv denied* 43 NY2d 648; *Matter of Ittig v New York State Bd. of Parole,* 59 AD2d 972, *lv denied* 43 NY2d 648). (Resubmission of Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Article 78.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.