■ In the Matter of PRINCE SWEEPER, Appellant, v STATE OF NEW YORK EXECUTIVE DEPARTMENT BOARD OF PAROLE, Respon-

dent. [650 NYS2d 318] —Appeal from a judgment of the Supreme Court (Lewis, J.), entered January 5, 1996 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for release on parole.

Petitioner was convicted in 1984 of the crime of manslaughter in the first degree and was sentenced to a prison term of $7^2/_3$ to 23 years. His applications for release on parole, filed in 1990, 1992 and 1994, were denied. Petitioner challenges respondent's most recent determination denying his application for release on parole, contending that it constitutes an abuse of discretion. We disagree. Prior to arriving at its decision, respondent considered the unusually heinous nature of petitioner's offense, noting that petitioner and other members of his gang, the Vigilantes, had perpetrated the execution-style shooting of two drug dealers, having been retained to commit the murders by a third drug dealer. Respondent also considered petitioner's institutional record, which revealed that petitioner had been the subject of four misconduct reports in the prior two years, involving charges of disobeying direct orders and making threats.

Decisions regarding release on parole are discretionary and will not be disturbed so long as they satisfy the statutory requirements (see, Executive Law § 259-i; see also, Matter of Patterson v New York State Bd. of Parole, 202 AD2d 940; Matter of Sinopoli v New York State Bd. of Parole, 189 AD2d 960). In this matter, respondent considered the requisite factors in arriving at a decision that is supported by the record. We accordingly affirm.

Cardona, P. J., Mikoll, Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.