■ In the Matter of JOSEPH R. BRANT III, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [654 NYS2d 207] —Appeal from a judgment of the Supreme Court (Teresi, J.), entered June 3, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole.

In January 1993, petitioner was convicted of the crime of

arson in the third degree, committed while he was on parole following his 1990 conviction of criminal mischief in the third degree, arising out of another fire-setting incident. In May 1995, after receiving a certificate of earned eligibility, petitioner applied for and was denied parole. In citing the reasons for its denial, respondent noted petitioner's history of arson-related offenses together with his history of alcohol and drug abuse. Respondent also noted that petitioner's criminal record included four prior criminal convictions. Respondent concluded that there was a reasonable probability that petitioner could not remain at liberty without violating the law and posing an unacceptable risk to community safety. Our review discloses that respondent considered the relevant guidelines and statutory requirements in arriving at its discretionary decision to refuse petitioner's application for parole and there is, accordingly, no reason to disturb it (*see,* Executive Law § 259-i [1], [2]; *see also, Matter of Walker v New York State Div. of Parole,* 203 AD2d 757; *Matter of Patterson v New York State Bd. of Parole,* 202 AD2d 940).

Mercure, J. P., Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.