■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES FRAZIER, Appellant, v JOSEPH DEMSKY, as Superintendent of Woodbourne Correctional Facility, et al., Respondents. [656 NYS2d 956] —Appeal from a judgment of the Supreme Court (Kane, J.), entered May 28, 1996 in Sullivan County, which converted petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, to a proceeding pursuant to CPLR article 78 and dismissed the petition seeking review of a determination of the Board of Parole denying petitioner's request for release on parole.

Petitioner is a prison inmate serving two concurrent prison terms of 25 years to life following his 1971 conviction on two counts of felony murder. In November 1995, petitioner's request for parole release was denied. His subsequent application for a writ of habeas corpus under CPLR article 70 was converted by Supreme Court into a CPLR article 78 proceeding on the ground that petitioner is not entitled to immediate release prior to the expiration of his sentence (*see, People ex*

*rel. Hatzman v Kuhlmann,* 173 AD2d 895, 896; *People ex rel. Grimmick v McGreevy,* 141 AD2d 989, 991, *lv denied* 73 NY2d 702). Supreme Court then dismissed the petition. We affirm.

The record discloses that the requisite factors were considered in arriving at the determination denying petitioner's request for parole release, with special emphasis placed upon the nature of his crimes (the robbery and murder of two elderly victims) as well as upon his positive adjustment to prison life and his academic achievements since his incarceration (e.g., a Master's degree from New York Theological Seminary). We conclude that the Board of Parole did not abuse its discretion in denying petitioner's request for parole release and we decline to disturb its determination (*see, Matter of Walker v New York State Div. of Parole,* 203 AD2d 757, 758-759; *Matter of Patterson v New York State Bd. of Parole,* 202 AD2d 940). We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.