■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH GILMORE, JR., Appellant, v NEW YORK STATE PAROLE BOARD et al., Respondents. [661 NYS2d 78] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Kane, J.), entered September 12, 1996 in Sullivan County, which converted petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, to a proceeding pursuant to CPLR article 78 and dismissed the petition seeking review of a determination of respondent State Board of Parole denying petitioner's request for release on parole.

In 1977, petitioner was committed to the custody of the State Department of Correctional Services after having been convicted of the crimes of murder in the second degree and assault in the first degree. In November 1995, he appeared before respondent State Board of Parole in connection with his request for parole release. Following the Board's denial of his request, petitioner commenced this habeas corpus proceeding challenging the Board's determination. After converting the matter to a CPLR article 78 proceeding, Supreme Court dismissed the petition and petitioner appeals.

We affirm. Initially, we find that inasmuch as petitioner is not entitled to immediate release from custody prior to the expiration of his sentence, Supreme Court properly converted the habeas corpus proceeding to one pursuant to CPLR article 78 (see, People ex rel. Talley v Executive Dept., N. Y. State Div. of Parole, 232 AD2d 798, 799).

Turning to the merits, we reject petitioner's claim that the Board erred in applying the standards set forth in Executive Law § 259-i, instead of those contained in Correction Law former §§ 213 and 214, because his conviction occurred in 1977 prior to the enactment of Executive Law § 259-i. We have held that in these circumstances the application of Executive Law § 259-i does not generally violate the ex post facto prohibition of the US Constitution (see, Matter of Ristau v Hammock, 103 AD2d 944, lv denied 63 NY2d 608). In any event, the application of Executive Law § 259-i did not disadvantage this petitioner (see, People ex rel. Roper v Kennedy, 135 AD2d 924) for, given the Board's finding that he would be unlikely to remain at liberty without violating the law, he would not have been "entitled" to parole even under his own expansive inter-

pretation of Correction Law former §§ 213 and 214. As Executive Law § 259-i was in effect at the time petitioner's third request for parole release was considered in 1995, the Board properly applied this statute in making its determination.

Moreover, we find no abuse of discretion in the Board's denial of petitioner's request for parole release. Among the factors considered by the Board were the serious and violent nature of the crimes of which petitioner was convicted, the fact that these crimes were committed while petitioner was under parole supervision and petitioner's criminal history dating back to 1971. The Board having considered the relevant statutory and regulatory factors, we decline to disturb its determination (*see, People ex rel. Frazier v Demsky*, 238 AD2d 641; *Matter of Sweeper v State of New York*, 233 AD2d 647, 648; *People ex rel. Talley v Executive Dept., N. Y. State Div. of Parole, supra*, at 799). We have reviewed petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.