■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERNARD CASEY, Appellant, v JOSEPH DEMSKY, as Superintendent of Woodbourne Correctional Facility, et al., Respondents. [661 NYS2d 853] —Peters, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered August 2, 1996 in Sullivan County, which converted petitioner's application for a writ of habeas corpus into a proceeding pursuant to CPLR article 78 and dismissed the petition.

Petitioner is an inmate at Woodbourne Correctional Facility in Sullivan County serving a prison sentence of 15 years to life upon a 1976 conviction of the crime of murder in the second degree. Following the denial of his request for parole in May 1995, petitioner filed an application for habeas corpus relief. Supreme Court converted the application into a CPLR article 78 proceeding and dismissed the petition. Petitioner appeals.

Initially, we find no merit to petitioner's claim that the Parole Board improperly applied the criteria set forth in Execu-

tive Law § 259-i in evaluating his request for parole release. Although petitioner's 1976 conviction predated the effective date of Executive Law § 259-i, the application of this statute, and not Correction Law former §§ 213 and 214, was entirely appropriate since the retroactive application of Executive Law § 259-i does not impose new or additional obstacles to the granting of parole and, therefore, does not constitute an illegal ex post facto law (*see*, *Matter of Rentz v Herbert*, 206 AD2d 944, 945, *lv denied* 84 NY2d 810; *Matter of Ristau v Hammock*, 103 AD2d 944, 945, *lv denied* 63 NY2d 608).

In addition, our review of the record reveals that the Parole Board considered relevant factors and statutory requirements in denying petitioner's request and, consequently, we find no basis to disturb its discretionary decision (*see*, *Matter of Farid v Travis*, 239 AD2d 629; *Matter of Saunders v Travis*, 238 AD2d 688, *lv denied* 90 NY2d 805). We have considered petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.