■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD PAGAN, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. [665 NYS2d 975] —White, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 22, 1997 in Ulster County, which converted petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, into a proceeding pursuant to CPLR article 78 and dismissed the petition.

Petitioner, an inmate at Wallkill Correctional Facility in Ulster County, is serving a prison sentence of 20 years to life upon a 1976 conviction of the crime of murder in the second degree. In October 1995, respondent State Board of Parole denied petitioner's application for parole release. Thereafter, petitioner filed an application for habeas corpus relief challenging the Board's determination. Supreme Court, converting the application into a CPLR article 78 proceeding, dismissed the petition and this appeal ensued.

We affirm. We find no error in the Board applying the standards set forth in Executive Law § 259-i in denying petitioner release on parole. Notwithstanding the fact that petitioner was convicted prior to the effective date of Executive Law § 259-i, the retroactive application of this statute instead of Correction Law former §§ 213 and 214 was appropriate inasmuch as "Ex-

ecutive Law § 259-i does not impose new or additional obstacles to the granting of parole and, therefore, does not constitute an illegal ex post facto law" (*People ex rel. Casey v Demsky*, 242 AD2d 759; *see, People ex rel. Gilmore v New York State Parole Bd.*, 241 AD2d 793, 793-794; *see also, Matter of Ristau v Hammock*, 103 AD2d 944, *lv denied* 63 NY2d 608).

Moreover, our review of the record reveals that the hearing was conducted in an appropriate manner and that the Board considered the relevant statutory factors in denying petitioner's request for parole release (*see, Matter of Farid v Travis*, 239 AD2d 629, 630). Consequently, Supreme Court correctly upheld the Board's determination.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.