■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH McQUILKEN, Also Known as RUDY McKENZIE, Appellant. [670 NYS2d 102] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered March 8, 1995, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

Defendant's sentence was pronounced without unreasonable delay since the delay was not the result of judicial or prosecutorial negligence (*People v Drake*, 61 NY2d 359, 363-367). The record establishes that defendant was aware of the sentencing date announced by the court after he pleaded guilty and was released on bail but that he absconded, evading the police for 17 years by using aliases and false pedigree information. The delay in imposing sentence was attributable almost entirely to defendant's conduct (*see, People v Soto*, 233 AD2d 243, *lv denied* 89 NY2d 946). Defendant did not sufficiently substantiate his claim that when he was arrested in Florida, the New York authorities declined to extradite him (*see, People v Lopez*, 228 AD2d 395, *lv denied* 88 NY2d 1022; *cf., People v Lomax*, 50 NY2d 351).

Defendant's claim that the court's failure to state the reason why it was fixing a minimum term, as required by Penal Law § 70.00 (former [3] [b]), as it existed at the time he pleaded

guilty in 1977, violated the Ex Post Facto Clause (US Const, art I, § 10), has not been preserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Ruz*, 70 NY2d 942), and we decline to review this claim in the interest of justice. Were we to review it, we would find that the change in Penal Law § 70.00 (3) (b), which made it mandatory for the court to impose a minimum sentence and no longer required the court to set forth its reasons for imposing such minimum sentence, merely created a change in the mode of procedure as opposed to a substantive change and the sentence imposed did not, therefore, violate the Ex Post Facto Clause (*see, Dobbert v Florida*, 432 US 282; *Beazell v Ohio*, 269 US 167; *People v Hudy*, 73 NY2d 40)).

Since defendant failed to raise his ineffective assistance of counsel claim by way of a CPL 440.10 motion, the claim is not reviewable on direct appeal because it is based on facts *dehors* the record and counsel has had no opportunity to explain his conduct (*People v Love*, 57 NY2d 998). Based on the existing record and viewed in totality, defendant was not deprived of meaningful representation at sentencing (*People v Baldi*, 54 NY2d 137; *People v Maisonette*, 234 AD2d 27, *lv denied* 89 NY2d 1013).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Williams, Tom and Andrias, JJ.