■ In the Matter of MICHAEL JONES, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [711 NYS2d 360] —Appeal from a judgment of the Supreme Court (Kane, J.), entered October 19, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for parole release.

Petitioner, a prison inmate, is currently serving a sentence of $12^1/_2$ to 25 years in prison for his convictions of manslaughter in the first degree and criminal use of a firearm in the first degree. In August 1998, respondent denied petitioner's applica-

tion for parole release based upon consideration of the requisite factors, including the heinous nature of petitioner's crime as well as petitioner's positive accomplishments while in prison. Supreme Court dismissed petitioner's challenge to respondent's determination, prompting this appeal.

We affirm. Despite petitioner's contentions, respondent properly considered relevant factors and statutory requirements in denying petitioner's request. Respondent "was not required to enumerate or give equal weight to each factor that it considered in determining his application for parole" (*Matter of Farid v Travis*, 239 AD2d 629; *see*, *Matter of Henderson v Travis*, 268 AD2d 633). We also reject petitioner's contention that the retroactive application of Executive Law § 259-i constitutes an illegal ex post facto law. It has been held that the application of "Executive Law § 259-i does not impose new or additional obstacles to the granting of parole and, therefore, does not constitute an illegal ex post facto law" (*People ex rel. Casey v Demsky*, 242 AD2d 759, 760, *lv denied* 91 NY2d 806; *see*, *People ex rel. Pagan v New York State Bd. of Parole*, 245 AD2d 641). Petitioner's remaining arguments have been considered and found to be without merit.

Cardona, P. J., Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.