■ In the Matter of ESTEBAN CHARLEMAGNE, Appellant, v STATE OF NEW YORK DIVISION OF PAROLE, Respondent. [722 NYS2d 74] —Appeal from a judgment of the Supreme Court (LaBuda, J.), entered April 18, 2000 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a sentence of imprisonment of 25 years to life imposed upon his 1973 conviction of murder in the second degree and other crimes which he committed during the course of a 1972 burglary. At the time he committed these crimes, he was on parole from a 1966 conviction involving the shooting death of an elderly man during a mugging. His 1999 request for parole release was denied based on the excessive violence of the 1972 crimes wherein he shot and repeatedly stabbed two people causing the death of one of them. Petitioner commenced this CPLR article 78 proceeding to challenge the denial of his request for parole release and he now appeals from Supreme Court's dismissal of the petition.

Petitioner argues that the Board of Parole improperly evaluated his request for parole release based upon the criteria in Executive Law § 259-i—effective January 1, 1978—instead of the criteria in the provisions of the Correction Law in effect when he committed the crimes in 1972. This Court has previously rejected such an ex post facto argument (*see, People ex rel. Casey v Demsky*, 242 AD2d 759, *lv denied* 91 NY2d 806; *Matter of Ristau v Hammock*, 103 AD2d 944, *lv denied* 63 NY2d 608) and we discern no reason to revisit the issue (*see, Matter of Jones v New York State Bd. of Parole*, 273 AD2d 649). Inasmuch as the 1972 crimes for which petitioner is currently incarcerated were not committed prior to September 1, 1967, his argument—that certain provisions of the Correction Law continued to apply to his sentence subsequent to their repeal in 1970—is without merit.

The record demonstrates that the Board considered the relevant statutory factors in denying petitioner's request for parole release. The Board is not required to enumerate or give equal weight to each statutory factor (*see, Matter of Farid v Travis*, 239 AD2d 629; *see also*, Executive Law § 259-i [1] [a] [i]) or to expressly discuss each factor considered (*see, Matter of Rivera v State of N. Y. Executive Dept. Bd. of Parole*, 268 AD2d 928). Release on parole shall not be granted merely as a reward for petitioner's good conduct or achievements while incarcerated (*see, Matter of Guerin v New York State Div. of Parole*, 276 AD2d 899; *see also*, Executive Law § 259-i [2] [c]), and the Board's emphasis on the seriousness of petitioner's crimes and his criminal history does not demonstrate that the determination was affected by irrationality bordering on impropriety (*see, Matter of Felder v Travis*, 278 AD2d 570). Accordingly, we perceive no basis upon which to disturb the determination (*see, Matter of Santos v New York State Div. of Parole*, 267 AD2d 533; *see also*, Executive Law § 259-i [5]) and, therefore, Supreme Court's judgment dismissing the petition is affirmed.

Mercure, J. P., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.