■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRINGTON CHASE, Also Known as CHARLES HAGGINS, Appellant. [760 NYS2d 327] —Judgment, Supreme Court, New York County (Laura Ward, J.), rendered February 28, 2002, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's sentencing was not unreasonably delayed (*see People v Drake*, 61 NY2d 359 [1984]). Since defendant absconded, his argument that the People exercised inadequate diligence is unavailing (*see People v Reyes*, 214 AD2d 233 [1995], *lv denied* 87 NY2d 850 [1995]), especially since the delay was exacerbated by defendant's use of assumed names (*see e.g. People v McQuilken*, 249 AD2d 35 [1998], *lv denied* 92 NY2d 901 [1998]). Concur—Nardelli, J.P., Tom, Rosenberger and Gonzalez, JJ.

■ HALL DICKLER KENT GOLDSTEIN & WOOD LLP, as Successor to HALL DICKLER FRIEDMAN & WOOD LLP, Appellant, v ARTHUR L. COLEMAN, III, Respondent. [760 NYS2d 328] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered November 29, 2002, which, to the extent appealed from, denied plaintiff's motion for summary judgment on its claim for legal fees and dismissal of defendant's counterclaim for malpractice and denied plaintiff's motion for sanctions, unanimously affirmed, without costs.

The court correctly determined that the factual dispute between the parties presented issues of credibility not appropriate for summary disposition (*see Glazer & Gottlieb v Nachman*, 233 AD2d 275 [1996]). We note that plaintiff's argument for summary judgment rests largely upon attacks on defendant's credibility.

Under the circumstances, the denial of sanctions was not improvident. Concur—Nardelli, J.P., Tom, Rosenberger and Gonzalez, JJ.