■ In the Matter of HASAN RAQIYB, Appellant, v EDWARD R. DONNELLY, as Superintendent of Wende Correctional Facility, et al., Respondents. [762 NYS2d 549] —Appeal from a judgment of Supreme Court, Erie County (Howe, J.), entered September 30, 2002, which dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of petitioner, Supreme Court properly dismissed his CPLR article 78 petition seeking to annul the determination denying him release on parole. The record demonstrates that the Parole Board considered the relevant statutory factors (see Executive Law § 259-i [2] [c] [A]) before concluding that petitioner is a serious threat to community safety and welfare and thus is not an acceptable candidate for release on parole. Where, as here, "the Parole Board considered the appropriate factors * * * and there is no 'showing of irrationality bordering on impropriety' * * *, there is no basis for judicial intervention" (Matter of Thurman v Hodges, 292 AD2d 872, 873 [2002], lv denied 98 NY2d 604 [2002], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; see Matter of Gaston v Herbert, 262 AD2d 1080 [1999]). We reject petitioner's further contention that Executive Law § 259-i is an illegal ex post facto law (see Matter of Charlemagne v State of N.Y. Div. of Parole, 281 AD2d 669, 670 [2001]; People ex rel. Casey v Demsky, 242 AD2d 759, 760 [1997], lv denied 91 NY2d 806 [1998]; Matter of Rentz v Herbert, 206 AD2d 944, 945 [1994], lv denied 84 NY2d 810 [1994]). We also reject petitioner's contention that 9 NYCRR 8002.2 (b) suffers from a similar constitutional infirmity (see generally Dobbert v Florida, 432 US 282, 293 [1977], reh denied 434 US 882 [1977]; People v McQuilken, 249 AD2d 35, 35-36 [1998], lv denied 92 NY2d 901 [1998]). Present—Wisner, J.P., Hurlbutt, Burns, Lawton and Hayes, JJ.