■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALLEN, Also Known as ANDRE MELLETTE, Appellant. [766 NYS2d 24] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered February 13, 2002, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The 19-year delay in sentencing was not unreasonable, since defendant absconded and then used nearly two dozen aliases and gave false pedigree information at least as many times in connection with his many subsequent arrests and incarcerations in New York (*see People v Savino*, 267 AD2d 174 [1999], *lv denied* 95 NY2d 803 [2000]). Because of defendant's concealment of his identity, these arrests and incarcerations did not provide the People with notice of his whereabouts (*see People v Sigismundi*, 89 NY2d 587 [1997]).

Since defendant absconded after pleading guilty in 1982, he is not entitled to the lesser penalty provided by the 1986 statutory amendments regarding criminal possession of stolen property (*People v Acoff*, 289 AD2d 1085 [2001], *lv denied* 98 NY2d 635 [2002]). Although a defendant who has not yet been sentenced is generally entitled to the benefit of such an amendment, defendant's conduct constitutes a "valid reason to require the stricter penalty" (*People v Behlog*, 74 NY2d 237, 241 [1989]). Concur—Tom, J.P., Saxe, Rosenberger and Marlow, JJ.