■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ORTIZ, Appellant. [877 NYS2d 240]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered August 1, 2007, as amended June 19, 2008, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of 2½ to 5 years, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment, made on the ground of delay in sentencing (see CPL 380.30 [1]; People v Drake, 61 NY2d 359, 366 [1984]). Defendant failed to appear for sentencing as the result of being arrested on another charge, at which time he gave false pedigree information. After he was released from custody on the new charge, he failed to return to court for sentencing on this case, and he then evaded being returned for sentencing by giving various aliases and false pedigree information in connection with his many subsequent arrests and incarcerations in New York. As the 18-year delay in sentencing was attributable to defendant's conduct, his claim that the delay was unreasonable is unavailing (see e.g. People v Allen, 309 AD2d 624 [2003], lv denied 1 NY3d 567 [2003]; People v Chase, 306 AD2d 167 [2003], lv denied 100 NY2d 619 [2003]; People v McQuilken, 249 AD2d 35 [1998], lv denied 92 NY2d 901 [1998]; cf. People v Sigismundi, 89 NY2d 587 [1997]). There is no merit to defendant's suggestion that even if a defendant schemes to avoid detection, law enforcement authorities are still responsible for the delay if more efficient methods would have foiled the scheme at an earlier date; such an argument is akin to an escapee contending that the pursuing officer should have run faster. Concur—Andrias, J.P., Gonzalez, Buckley and Acosta, JJ.