People v Lara (2018 NY Slip Op 07173)





People v Lara


2018 NY Slip Op 07173


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Tom, J.P., Webber, Oing, Moulton, JJ.


2627/09 6064 6063

[*1]The People of the State of New York, Respondent,
v
Ramon Lara, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Ramon Lara, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.



Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered July 10, 2012, as amended July 16, 2012, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 17 years to life, and order, same court (Kevin B. McGrath, J.), entered on or about April 7, 2017, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
After considering the factors set forth in People v Taranovich (37 NY2d 442, 445 [1975]), we conclude that the court properly denied defendant's constitutional speedy trial motion. Although there was substantial delay, it was satisfactorily explained, and relatively little of it was attributable to the People. Almost all of the delay is directly attributable to defendant, because he fled to the Dominican Republic shortly after committing the murder. Had he not done so, or had he terminated his flight, the prosecution would not have been required to take any steps to extradite him (see People v Diaz, 81 AD3d 516 [1st Dept 2011], lv denied 17 NY3d 794 [2011]; see also People v Ortiz, 60 AD3d 563 [1st Dept 2009], lv denied 12 NY3d 919 [2009]). In any event, at the time of defendant's flight, while the United States had an extradition treaty with the Dominican Republic, that nation's law forbade any extradition of its own citizens, such as defendant. Accordingly, the police acted reasonably and in good faith by continuing to investigate defendant's whereabouts, but operating under the assumption that he could not be extradited. This conclusion is not undermined by the fact that Dominican extradition law changed somewhat during the period of delay at issue. Furthermore, defendant has not demonstrated that his ability to defend himself was prejudiced by the delay, and we find that the remaining Taranovich factors weigh against dismissal.
The court providently exercised its discretion in denying defendant's CPL 440.10 motion (see People v Samandarov, 13 NY3d 433, 439—440 [2009]). Based on the submissions on the motion, as well as the trial record, we conclude that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). We also find no need for a remand for an evidentiary hearing.
Defendant's claim that his attorney was ineffective in supposedly failing to investigate a valid justification defense was only supported by bare allegations and is contradicted by the record. In particular, just before defendant's guilty plea on June 12, 2012, counsel advised the court that after investigating a justification defense, and reviewing the forensic evidence, he concluded that a justification defense would be unsuccessful. Nor did defendant offer any reliable proof to support his claim of actual innocence.
We separately find that there was no violation of defendant's right to conflict-free [*2]representation. It appears that counsel originally intended to assert a justification defense, but advised the court, in the course of plea discussions where the court was not acting as a trier of fact, that he had advised his client to plead guilty because a justification defense would be unsuccessful. Defendant has not shown that counsel thereby created a conflict or impaired defendant's free choice to plead guilty.
We have considered and rejected defendant's pro se claim regarding his assertion of actual innocence.
We perceive no basis for reducing the sentence.
The Decision and Order of this Court entered herein on August 16, 2018 is hereby recalled and vacated (see M-4247 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK